Argued December 4, 1973, affirmed February 22, 1974

BROWN ET UX, *Appellants, v.* JACKSON, *Respondent.*
519 P2d 87

*Ray G. Brown,* Portland, argued the cause for appellants in propria persona. On the briefs was John R. Sidman, Portland.

*Edward H. Warren,* Portland, argued the cause for respondent. With him on the brief was Hershiser, Mitchell & Warren, Portland.

HOLMAN, J.

Plaintiffs, the owners of residential property in the city of Beaverton, brought this action against defendant, an engineer for the city, to recover both actual and punitive damages claimed to have resulted from the intentional and malicious location of a fire hydrant in front of plaintiffs' residence with the intent to injure plaintiffs. The trial court sustained a demurrer to plaintiffs' complaint and plaintiffs appealed.

The injury which the plaintiffs allege was intentionally inflicted upon them was their prevention from parking motor vehicles in front of their premises. The defendant contends that plaintiffs have suffered no injuries for which they may secure consequential damages. If defendant's contention is well taken, the other questions raised upon appeal are moot.

The following statement concerning abutting property owners' rights to the use of a street or highway has been quoted with approval in *Lowell et al v. Pendleton Auto Co.,* 123 Or 383, 261 P 415 (1927):

> "An abutting owner has two distinct kinds of rights in a highway, a public right which he enjoys in common with all other citizens, and certain private rights which arise from his ownership of property contiguous to the highway, and which are not common to the public generally; and this regardless of whether the fee of the highway is in him

or not. These rights are property of which he may not be deprived without his consent, except upon full compensation and by due process of law." 123 Or at 396-97.

■ The most common right in the street which attaches to property is that of ingress and egress. That right is not in question here. The right to park in a public street is not a right incident to the ownership of abutting land but rather one which is incident to the use of the street for travel and which is shared by the property owner in common with all other members of the traveling public. *Lowell et al v. Pendleton Auto Co., supra* at 404-05. 7 Am Jur 2d 793, Automobiles and Highway Traffic § 240. *Contra, Willard Hotel Co. v. District of Columbia,* 23 App DC 272 (1904). In *Lowell* the court said:

> "An abutter cannot object to any use of the street which is an incident to public travel, unless such use interferes with the rights which he possesses as an abutting property owner. The right to stop when the occasion demands, generally is an incident of the right of travel. We do not understand that this incidental right which the defendant enjoys, together with all others, when using the street for travel, is one that has caused the plaintiffs any inconvenience or damage; * * *." 123 Or at 404-05.

Therefore, by their being deprived of the right to park, plaintiffs have sustained no peculiar or special deprivation independent of that of the public generally as an incident of the ownership of their property and have suffered no injuries which may be recompensed. *Lowell et al v. Pendleton Auto Co., supra* at 397. The right is a public one and must be vindicated by the state or for the benefit of the public generally.

The judgment of the trial court is affirmed.

TONGUE, J., concurring.

I doubt whether the fact that a private citizen has sustained "no peculiar or special deprivation independent of that of the public generally" necessarily provides complete immunity to a public official who acts "maliciously and intentionally," as the majority would appear to hold. Under the facts and record in this case, however, I concur with the result reached by the majority.